**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| THE MOODY BIBLE INSTITUTE OF CHICAGO, | |
| Plaintiff, | Case No. _____ |
| v. | Judge _____ |
| TIY-E MUHAMMAD, and ONELOVE COUNSELING SERVICES (TM), LLC | **DEMAND FOR A JURY TRIAL** |
| Defendant. | |

**COMPLAINT**

For its complaint against Defendant Tiy-E Muhammad ("Defendant Muhammad" or "Muhammad") and Defendant OneLove Counseling Services (TM), LLC ("Defendant OneLove" or "OneLove") (collectively, "Defendants"), Plaintiff The Moody Bible Institute of Chicago ("Plaintiff" or "Moody") alleges and states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for infringement of Plaintiff's incontestable federally registered trademarks, including THE 5 LOVE LANGUAGES (Reg. No. 4,636,739), THE FIVE LOVE LANGUAGES (Reg. No. 3,810,681), and common law trademark rights associated with the associated family of marks (collectively, Reg. Nos. 4,636,739 and 3,810,681 and the associated family of common law trademarks shall be referred to as the "LOVE LANGUAGES Marks") under 15 U.S.C. § 1114; unfair competition and false designation of origin under 15 U.S.C. § 1125(a); dilution under 15 U.S.C. § 1125(c); cybersquatting under 15 U.S.C. § 1125(d); unfair competition under the Illinois Deceptive Trade Practices Act, and for substantial and related claims of trademark infringement under the common laws of the State of Illinois.

1

2.　　　These causes of action all arise from Defendants' infringing use of BLACK LOVE LANGUAGES in connection with their marketing, advertising, promotion, and offering of publishing services for books, e-books, audiobooks, oral presentations, music, and illustrations as well as their marketing, advertising, promotion, and offering of relationship and marriage counseling services.

3.　　　Goods and services in connection with Plaintiff's LOVE LANGUAGES Marks, including publications, printed materials, and related goods and services, have been in the marketplace for nearly thirty years. Defendants' recent launch of competing and confusingly similar publishing and relationship counseling services under the trademark BLACK LOVE LANGUAGES is likely to cause consumer confusion. Plaintiff seeks permanent injunctive relief and an award of profits and actual damages, among other remedies, for Defendants' unlawful and willful conduct.

## PARTIES

4.　　　Plaintiff The Moody Bible Institute of Chicago is an Illinois not-for-profit corporation with a business address at 820 North LaSalle Boulevard, Chicago, Illinois 60610.

5.　　　On information and belief, Defendant Tiy-E Muhammad is an individual domiciled at 645 West 9th Street, Los Angeles, California 90015.

6.　　　On information and belief, Defendant OneLove Counseling Services (TM), LLC is a Georgia limited liability company with its principal place of business at 570 Piedmont Ave NE, Suite #55501, Atlanta, Georgia 30308.

## JURISDICTION AND VENUE

7.　　　This action arises under the Trademark Act of 1946, commonly known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Illinois Deceptive Trade Practices Act, and Illinois common law.

2

8.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121.

9.     This Court has personal jurisdiction over Defendants because they purposefully conduct business in the State of Illinois, and within this district, including providing availability for the purchase of its services sold under an infringing trademark over the Internet to Illinois consumers and businesses and directly targeting Illinois consumers through their website. For example, Illinois consumers can visit blacklovelanguages.com and search for relationship therapists in "Illinois." Defendants offer Illinois consumers 46 different options for therapists who reside in Illinois, including one therapist who specializes in "faith-based Christian counseling." Consumers may click on a link to any of the more than 40 Illinois therapists, read a short biography, and contact them by phone or email. Illinois consumers may also seek Defendants' publishing services through the website. **Exhibit G**. On information and belief, Defendants have made contact with some or all Illinois therapists listed on Defendants' website.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district. Defendants' use of BLACK LOVE LANGUAGES is infringing Plaintiff's LOVE LANGUAGES Marks and is causing harm in this state and district, and Defendants are subject to personal jurisdiction here.

## FACTUAL BACKGROUND

**A.     Plaintiff's LOVE LANGUAGES Trademark Registrations and Applications**

11.     The Moody Bible Institute was founded in 1886 to educate people for Christian ministry. Since its founding, Moody has maintained its main campus in Near North Side, Chicago.

12.     In addition to its undergraduate, graduate, online, conferences, correspondence, certificate, and other educational offerings, Moody equips people with Biblical training and perspective through its two major media ministries Moody Radio and Moody Publishers.

3

13.     Moody's radio ministry began in 1926 when it launched the first non-commercial Christian radio station in the United States. Moody Radio continues to grow, and its content is now available globally through more than over 1,800 radio outlets, digital apps, and streaming Internet stations.

14.     Moody's non-profit Christian publishing ministry Moody Publishers began more than 125 years ago in the same Near North Side, Chicago neighborhood as the Moody Bible Institute did. Moody Publishers has multiple publishing imprints, including Northfield Publishing.

15.     Since its founding by D. L. Moody in 1894, Moody Publishers has distributed more than 300 million books, spanning from Bible commentary and reference to spiritual and relational growth, as well as award-winning fiction. Moody Publishers' offerings are available in more than 71 languages and more than 130 countries around the world.

16.     Dr. Gary Chapman, Ph.D., pastor, speaker, and author of the publications and printed materials bearing the LOVE LANGUAGES Marks, has a passion for people and for helping them form loving and lasting relationships. Dr. Chapman is a well-known marriage counselor and director of marriage seminars. Dr. Chapman travels the world presenting seminars on marriage, family, and relationships, and his radio programs air on more than 400 stations.

17.     The goods sold under the LOVE LANGUAGES Marks, as owned by Plaintiff, are some of Moody Publishers' and Dr. Chapman's most popular titles. Dr. Chapman and Plaintiff launched multiple series of publications, books, podcasts, seminars, and other related goods and services under the LOVE LANGUAGES Marks at least as early as 2007, though THE FIVE LOVE LANGUAGES Mark has priority dating back to 1992.

4

18.     Series of publications bearing the LOVE LANGUAGES Marks have sold more than twenty million copies worldwide, have been translated into at least fifty languages, and have been on the New York Times best-sellers list since 2007.

19.     Dr. Chapman's and Moody's series of publications, books, podcasts, seminars, and other related goods and services bearing the LOVE LANGUAGES Marks relate to personal skills and relationships and how relationships grow better when individuals understand each other and further their shared goal of forming loving and lasting relationships.

20.     Through Dr. Chapman's extensive professional counseling experiences and research on effective communication and fulfillment in relationships, including personal, professional, romantic and plutonic relationships, involving individuals of all age groups and genders, he has identified five means of expressing affection: words of affirmation, acts, of service, receiving gifts, quality time, and physical touch. These five affection expressions are referred to by Dr. Chapman in his various publications through the coined trademarks THE FIVE LOVE LANGUAGES®, LOVE LANGUAGES™, or individually as the coined trademark LOVE LANGUAGE™ (referred to herein as LOVE LANGUAGE(S)). Dr. Chapman has dedicated the better part of his life and ministry to creating, spreading, and applying the LOVE LANGUAGES to building strong, long-lasting relationships.

21.     Dr. Chapman introduced the LOVE LANGUAGES to the world in 1992 through his New York Times Bestseller book *The Five Love Languages: How to Express Heartfelt Commitment to Your Mate*. In the book, Dr. Chapman breaks down the LOVE LANGUAGES and asks readers to complete a series of questions formulated through his extensive research to identify their primary LOVE LANGUAGE, understand what it means, and learn how to use it to better

5

connect and communicate with others. This series of questions was originally known as THE 5 LOVE LANGUAGES® quiz and is now known as the LOVE LANGUAGE™ quiz.

22.     Today, consumers access the LOVE LANGUAGE™ quiz through Plaintiff's website www.5lovelanguages.com. Nearly *eighty million consumers* have taken the LOVE LANGUAGE™ quiz online and engaged with the LOVE LANGUAGES Marks through that platform.

23.     Dr. Chapman's process helps consumers identify the primary LOVE LANGUAGE to which they respond most positively, *i.e.*, is the most natural affection expression, as compared to the others. Identifying a person's LOVE LANGUAGE enables those individuals around the person, whether romantic partners, family members, coworkers, or friends, to identify and accordingly adjust their words and behavior to more effectively communicate love to the person. For that reason, consumers can also use the results of the LOVE LANGUAGE™ quiz to identify and accordingly adjust their words and behavior to more effectively communicate love to other individuals with whom they interact. In 2012, Moody and Dr. Chapman introduced the LOVE LANGUAGE™ Challenge, a mobile app encouraging consumers to apply these concepts in their relationships. The LOVE LANGUAGE™ Challenge lasted seven years and was taken by 1.3 million consumers.

24.     Consumers who have taken the LOVE LANGUAGE™ quiz on 5lovelanguages.com can access other resources such as the LOVE LANGUAGES DEVOTIONAL BIBLE™, 101 Conversation Starters that is sold as the perfect companion to the bestselling books, THE 5 LOVE LANGUAGES® of Children, and THE 5 LOVE LANGUAGES® of Teenagers, or listen to podcasts such as A LOVE LANGUAGE™ MINUTE, among scores of other resources bearing the LOVE LANGUAGES Marks.

6

25.     LOVE NUDGE<sup>TM</sup>, the official LOVE LANGUAGE<sup>TM</sup> mobile app, is a fun, habit-forming mobile application that helps consumers intentionally express love in ways that are most meaningful to their partner. The LOVE NUDGE™ app is an extension of Dr. Chapman's best-selling publications and uses the LOVE LANGUAGES Marks throughout the app.

26.     The LOVE NUDGE™ app has nearly three million user downloads. It is available for download on the App Store and Google Play. The LOVE NUDGE™ app has been featured in Apple's App Store as the App of the Day and has consistently ranked as a top app (ranking at least as high as #8 in Apple's Lifestyle category for mobile apps).

27.     Given the widespread readership of Moody Publishers and Dr. Chapman's publications, participation in the LOVE LANGUAGE™ quiz, and engagement with the LOVE NUDGE™ app, there is no doubt that Plaintiff has built a devoted and significant consumer following around the LOVE LANGUAGES Marks that trusts and relies on Dr. Chapman's knowledge and expertise in guiding their words and actions and in maintaining and growing their most valued personal and professional relationships.

28.     Moody owns several trademark registrations and applications for its LOVE LANGUAGES Marks in connection with the above-listed goods and services, including but not limited to:

| Mark | Ser. No. | Filing Date | Reg. No. | Reg. Date | Class & Goods or Services |
|---|---|---|---|---|---|
| THE FIVE LOVE LANGUAGES | 77/870,622 | 11/11/2009 | 3,810,681 | 6/29/2010 | 016 - Series of publications, namely, books, pamphlets, brochures and printed materials related to personal skills and relationships |

| Mark | Ser. No. | Filing Date | Reg. No. | Reg. Date | Class & Goods or Services |
|---|---|---|---|---|---|
| THE 5 LOVE LANGUAGES | 86/236,645 | 3/31/2014 | 4,636,739 | 11/11/2014 | 009 - Electronic publications, namely, downloadable e-books in the field of personal skills and relationships; Downloadable software in the nature of a mobile application regarding personal skills and relationships; Audio and video recordings featuring information and advice about personal skills and relationships; Audio books in the field of personal skills and relationships; Pre-recorded DVDs featuring information and advice about personal skills and relationships<br><br>016 - Series of publications, namely, books, pamphlets, brochures related to personal skills and relationships; printed materials, namely, calendars and greeting cards containing themes related to personal skills and relationships<br><br>041 - Providing a website featuring blogs and non-downloadable publications in the nature of articles and study guides in the fields of personal skills and relationships; Providing a website featuring non- |

| Mark | Ser. No. | Filing Date | Reg. No. | Reg. Date | Class & Goods or Services |
|------|----------|-------------|----------|-----------|---------------------------|
| | | | | | downloadable videos and audio recordings concerning information and advice about personal skills and; Educational services, namely, conducting conferences, seminars, webinars in the field of personal skills and relationships<br><br>045 - Providing a website featuring information and advice about personal skills and relationships, not for entertainment purposes |
| THE 5 LOVE LANGUAGES | 86/544,665 | 2/24/2015 | 5,581,100 | 10/9/2018 | 014 - Jewelry |
| LOVE LANGUAGE | 88/840,395 | 3/19/2020 | 6,481,595 | 9/14/2021 | 028 - Playing cards; Board games |
| LOVE LANGUAGES | 97/040,806 | 9/22/2021 | | | 016 - Printed Bibles |
| LOVE LANGUAGES | 97/040,805 | 9/22/2021 | | | 009 - Electronic publications; downloadable software; audio recordings, video recordings, audio books, DVDs, MP3 files, apparatus and instruments for recording, transmitting, reproducing or processing sound, images or data; recorded and downloadable media, computer software; Downloadable podcasts; downloadable software in the form of a mobile application; all of the foregoing related to |

| Mark | Ser. No. | Filing Date | Reg. No. | Reg. Date | Class & Goods or Services |
|---|---|---|---|---|---|
| | | | | | religious, spiritual, ethical, and social topics |
| LOVE LANGUAGE | 97/092,022 | 10/25/2021 | | | 016 - Series of publications |
| LOVE LANGUAGE | 90/889,088 | 8/17/2021 | | | 021 - glassware and goods made of porcelain, ceramic, earthenware, terra-cotta or glass; water bottles |
| LOVE LANGUAGES | 90/889,085 | 8/17/2021 | | | 021 - glassware and goods made of porcelain, ceramic, earthenware, terra-cotta or glass; water bottles |
| LOVE LANGUAGE | 90/889,084 | 8/17/2021 | | | 025 - Apparel, namely, footwear, headwear, and loungewear; infant clothing |
| LOVE LANGUAGES | 90/889,081 | 8/17/2021 | | | 025 - Apparel, namely, footwear, headwear, and loungewear; infant clothing |
| LOVE LANGUAGE | 90/889,079 | 8/17/2021 | | | 028 - Toys; apparatus for playing games and sports; amusement and novelty items; puzzle games; Christmas tree ornaments and decorations; holiday and seasonal decorations and home décor |
| LOVE LANGUAGES | 90/889,075 | 8/17/2021 | | | 028 - Toys; apparatus for playing games and sports; amusement and novelty items; puzzle games; Christmas tree ornaments and decorations; holiday and seasonal decorations and home décor |

| Mark | Ser. No. | Filing Date | Reg. No. | Reg. Date | Class & Goods or Services |
|---|---|---|---|---|---|
| LOVE LANGUAGES | 90/889,106 | 8/17/2021 | | | 041 - Education services, training services, production and distribution of radio programs, organizing exhibitions and conferences, publication of books, journals, blogs and other texts in print and online |
| LOVE LANGUAGE | 90/889,104 | 8/17/2021 | | | 043 - Services for providing food and drink; temporary accommodations |
| LOVE LANGUAGES | 90/889,102 | 8/17/2021 | | | 043 - Services for providing food and drink; temporary accommodations |
| LOVE LANGUAGE | 97/140,811 | 11/23/2021 | | | 045 - Providing a website featuring information regarding personal relationships; Providing a website featuring information in the fields of personal relationships, personal growth and motivation, and self-fulfillment; Providing spiritual and philosophical guidance in the field of personal relationships; Counseling services; preparation of customized gift baskets |
| LOVE LANGUAGES | 90/889,095 | 8/17/2021 | | | 045 - Providing a website featuring information regarding personal relationships; Providing a web site featuring information in the fields of personal relationships, personal growth and motivation, and self-fulfillment; |

| Mark | Ser. No. | Filing Date | Reg. No. | Reg. Date | Class & Goods or Services |
|---|---|---|---|---|---|
| | | | | | Providing spiritual and philosophical guidance in the field of personal relationships; Counseling services; preparation of customized gift baskets |
| LOVE LANGUAGES | 90/881,816 | 8/13/2021 | | | 003 - Bath soaps; beauty soaps; body soaps; body lotions; face lotions; hand lotions; bathing lotions; beauty lotions; non-medicated bath salts; body oils; bath oils; essential oils for personal use; massage oils; gift baskets containing non-medicated bath preparations, body preparations, and cosmetic preparations |
| LOVE LANGUAGE | 90/881,820 | 8/13/2021 | | | 004 - Candles |
| LOVE LANGUAGES | 90/881,830 | 8/13/2021 | | | 004 - Candles |
| LOVE LANGUAGE | 90/881,798 | 8/13/2021 | | | 010 - Blankets |
| LOVE LANGUAGES | 90/881,810 | 8/13/2021 | | | 010 - Blankets |
| LOVE LANGUAGE | 90/881,832 | 8/13/2021 | | | 014 - Women's jewelry; men's jewelry |
| LOVE LANGUAGES | 90/881,835 | 8/13/2021 | | | 014 - Women's jewelry; men's jewelry |
| LOVE LANGUAGE | 90/889,093 | 8/17/2021 | | | 020 - Pillows; bed pillows; decorative pillows; novelty pillows; accent pillows; wall plaques made of wood or plastic |
| LOVE LANGUAGES | 90/889,091 | 8/17/2021 | | | 020 - Pillows; bed pillows; decorative pillows; novelty pillows; accent pillows; wall |

| Mark | Ser. No. | Filing Date | Reg. No. | Reg. Date | Class & Goods or Services |
|---|---|---|---|---|---|
| | | | | | plaques made of wood or plastic |
| LOVE LANGUAGES | 90/881,836 | 8/13/2021 | | | 024 - Bed sheets; pillow cases and shams |
| LOVE LANGUAGES | 90/881,839 | 8/13/2021 | | | 024 - Bed sheets; pillow cases and shams |
| LOVE LANGUAGE | 90/881,843 | 8/13/2021 | | | 026 - Artificial flowers |
| LOVE LANGUAGES | 90/881,845 | 8/13/2021 | | | 026 - Artificial flowers |
| LOVE LANGUAGE | 90/881,849 | 8/13/2021 | | | 027 - Decorative wall hangings |
| LOVE LANGUAGES | 90/881,850 | 8/13/2021 | | | 027 - Decorative wall hangings |
| LOVE LANGUAGE | 90/881,852 | 8/13/2021 | | | 030 - Gift baskets containing candy and confectionary products; candy; confectioneries |
| LOVE LANGUAGES | 90/881,854 | 8/13/2021 | | | 030 - Gift baskets containing candy and confectionary products; candy; confectioneries |
| LOVE LANGUAGE | 90/889,126 | 8/17/2021 | | | 031 - Cut flowers; live flowers |
| LOVE LANGUAGES | 90/889,121 | 8/19/2021 | | | 031 - Cut flowers; live flowers |
| LOVE LANGUAGE | 90/889,120 | 8/17/2021 | | | 035 - Online retail store services featuring a wide variety of consumer goods and services |
| LOVE LANGUAGES | 90/889,118 | 8/17/2021 | | | 035 - Online retail store services featuring a wide variety of consumer goods and services |
| LOVE LANGUAGE | 90/889,115 | 8/17/2021 | | | 039 - Providing travel and transport information services; travel agency services |
| LOVE LANGUAGES | 90/889,111 | 8/17/2021 | | | 039 - Providing travel and transport information services; travel agency services |
| LOVE LANGUAGE | 90/889,101 | 8/17/2021 | | | 044 - Day spa services; beauty spa services; |

| Mark | Ser. No. | Filing Date | Reg. No. | Reg. Date | Class & Goods or Services |
|---|---|---|---|---|---|
| | | | | | health spa services for health and wellness of the body and spirit |
| LOVE LANGUAGES | 90/889,098 | 8/17/2021 | | | 044 - Day spa services; beauty spa services; health spa services for health and wellness of the body and spirit |
| LOVE LANGUAGE | 90/881,812 | 8/13/2021 | | | 003 - Bath soaps; beauty soaps; body soaps; body lotions; face lotions; hand lotions; bathing lotions; beauty lotions; non-medicated bath salts; body oils; bath oils; essential oils for personal use; massage oils; gift baskets containing non-medicated bath preparations, body preparations, and cosmetic preparations |
| THE 5 LOVE LANGUAGES | 97/040,803 | 9/22/2021 | | | 016 - Printed coloring books |
| LOVE LANGUAGE | 97/047,728 | 9/27/2021 | | | 016 - Printed matter, instructional and teaching materials; calendars; organizers; greeting cards; printed occasion cards; blank note cards; printed postcards; blank paper notebooks; printed coupon books; printed coloring books; pens; gift sets consisting primarily of printed messages, books, and paper goods |

Copies of the registration certificates and titles, and statuses for the aforementioned registrations and applications are attached as **Exhibit A**.

29.     As shown in the table above, Plaintiff is the owner of valid and subsisting U.S. Trademark Registration No. 3,810,681, registered on the Principal Register in the United States Patent and Trademark Office for the mark THE FIVE LOVE LANGUAGES.

30.     The FIVE LOVE LANGUAGES mark issued on June 29, 2010, and has a priority date of 1992 based on Plaintiff's first use of THE FIVE LOVE LANGUAGES mark in connection with the listed goods on that date.

31.     U.S. Trademark Registration No. 3,810,681 for THE FIVE LOVE LANGUAGES covers the following goods:

> Class 16: Series of publications, namely, books, pamphlets, brochures and printed materials related to personal skills and relationships.

32.     THE FIVE LOVE LANGUAGES mark has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

33.     Plaintiff has used THE FIVE LOVE LANGUAGES mark in commerce continuously since at least as early as 1992 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of the above listed goods. Attached as **Exhibit B** are representative samples showing Plaintiff's use of THE FIVE LOVE LANGUAGES mark in connection with the registered goods.

34.     As shown in the table above, Plaintiff is also the owner of valid and subsisting United States Trademark Registration No. 4,636,739, registered on the Principal Register in the United States Patent and Trademark Office, for the mark THE 5 LOVE LANGUAGES.

35.     THE 5 LOVE LANGUAGES mark issued on November 11, 2014, and has a priority date of 2010 based on Plaintiff's first use of THE 5 LOVE LANGUAGES in connection with the listed goods and services on that date.

36.     U.S. Trademark Registration No. 4,636,739 for THE 5 LOVE LANGUAGES covers the following goods and services:

Class 9: Electronic publications, namely, downloadable e-books in the field of personal skills and relationships; Downloadable software in the nature of a mobile application regarding personal skills and relationships; Audio and video recordings featuring information and advice about personal skills and relationships; Audio books in the field of personal skills and relationships; Pre-recorded DVDs featuring information and advice about personal skills and relationships.

Class 16: Series of publications, namely, books, pamphlets, brochures related to personal skills and relationships; printed materials, namely, calendars and greeting cards containing themes related to personal skills and relationships.

Class 41: Providing a website featuring blogs and non-downloadable publications in the nature of articles and study guides in the fields of personal skills and relationships; Providing a website featuring non-downloadable videos and audio recordings concerning information and advice about personal skills and; Educational services, namely, conducting conferences, seminars, webinars in the field of personal skills and relationships.

Class 45: Providing a website featuring information and advice about personal skills and relationships, not for entertainment purposes.

37.     THE 5 LOVE LANGUAGES mark has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

38.     Plaintiff has used THE 5 LOVE LANGUAGES mark in commerce continuously since at least as early as 2010 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of the below listed goods and services. Attached as **Exhibit C** are representative samples showing Plaintiff's use of THE 5 LOVE LANGUAGES mark in connection with the registered goods.

39.     Plaintiff is also the owner of the common law rights of a family of formative LOVE LANGUAGES Marks through its continuous use in interstate commerce with the aforementioned

goods and services, including but not limited to, publications, printed materials, podcasts, radio programs, and seminars, and related goods and services in connection to personal skills and relationships. As a result of its widespread, continuous, and exclusive use of the LOVE LANGUAGES Marks to identify its goods and services, Plaintiff owns valid and subsisting federal statutory and common law rights in the LOVE LANGUAGES Marks.

40.     Plaintiff's LOVE LANGUAGES Marks are distinctive to both the consuming public and Plaintiff's trade.

41.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its goods and services sold under the LOVE LANGUAGES Marks. Plaintiff has advertised its goods and service on local, national, and international news outlets. In addition, Plaintiff has advertised and promoted its goods and services sold under the LOVE LANGUAGES Marks through Google Ads, Amazon Advertising, Facebook, Instagram, and numerous national magazines such as *People Magazine*, *Forbes,* and the *HuffPost*.

42.      The LOVE LANGUAGES Marks and the goods and services offered under them have also received significant unsolicited coverage in various media and television shows, including but not limited to the Oprah Winfrey Show and website, ABC's *Fresh Off the Boat*, TruTV's *I'm Sorry*, E!'s *Rob & Chyna*, BBC's *Last Chance Lawyer NYC*, *The New York Times*, *Cosmopolitan*, *People Magazine, Brides.com,* and *Bustle*, among others.

43.     Third parties recognizing the value of the LOVE LANGUAGES brand and goodwill associated therewith have requested to license the LOVE LANGUAGES Marks from Plaintiff in connection with a wide variety of goods and services. Plaintiff has granted such licenses when they complement and/or extend the LOVE LANGUAGES brand, including but not limited to the following: a LOVE LANGUAGE$^{TM}$ Concierge at a high-end hotel and resort where patrons

take the LOVE LANGUAGE™ quiz and receive a curated itinerary based on their results; a co-promotional campaign with an industry leading dating app that coincided with its initial public offering where app users were invited to take the LOVE LANGUAGE™ quiz and identify their LOVE LANGUAGE in their profile; a co-promotional agreement with an industry leading flower distributor for distribution of a custom THE 5 LOVE LANGUAGES™ flower bouquet and identification of the partner as "the official floral partner to THE 5 LOVE LANGUAGES® book"; and a line of paper products (e.g., calendars, "love notes", and coupon books) based on THE 5 LOVE LANGUAGES®.

44.     Plaintiff offers and sells its goods and services under the LOVE LANGUAGES Marks to anyone seeking relationship advice on how to effectively communicate and express love to others. Representative samples of Plaintiff's goods and services offered and sold under the LOVE LANGUAGES Marks are listed below, evidence of which is attached hereto as **Exhibit D**:

(i)      THE 5 LOVE LANGUAGES® of Children;

(ii)     THE 5 LOVE LANGUAGES® for Men;

(iii)    THE 5 LOVE LANGUAGES® Military Edition;

(iv)     God Speaks Your LOVE LANGUAGE™;

(v)      THE 5 LOVE LANGUAGES® of Appreciation in the Workplace;

(vi)     THE FIVE LOVE LANGUAGES®: Singles Edition;

(vii)    The LOVE LANGUAGE™ quiz;

(viii)   A LOVE LANGUAGE™ MINUTE;

(ix)     The LOVE LANGUAGES™ Devotional Bible;

(x)      THE 5 LOVE LANGUAGES® Coloring Book;

(xi)     The 5 Apology Languages;

(xii)    THE 5 LOVE LANGUAGES® of Teenagers; and

(xiii)    Other books and content featuring the LOVE LANGUAGES™ bearing the "A LOVE LANGUAGE™ Resource" icon.

45.    As a result of Plaintiff's considerable research, expenditures, and efforts, the LOVE LANGUAGES Marks have come to signify the high quality and value of the goods and services designated by the LOVE LANGUAGES Marks, and they have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

**B.    Defendant Muhammad's Infringing BLACK LOVE LANGUAGES Trademark Application and Defendants' Infringing Use of the Same**

46.    Defendant Muhammad markets himself as a life coach, marriage counselor, and sex therapist. Defendant Muhammad provides marriage and sex counseling services through his company Defendant OneLove.

47.    On information and belief, Defendants are currently in the same industry as Plaintiff and provide nearly identical goods and services to those of Plaintiff, including printed materials that are similar in nature to Plaintiff's goods and services, which focus on building personal skills and relationships.

48.    Defendant Muhammad filed U.S. Trademark Application No. 90/380,334 on December 14, 2020. Attached as **Exhibit E** is a true and correct copy of the TEAS Application Form for U.S. Trademark Application No. 90/380,334.

49.    U.S. Trademark Application No. 90/380,334 for BLACK LOVE LANGUAGES covers the following good and services:

Class 41: Publishing of books, e-books, audiobooks, oral presentations, music, and illustrations.

50. On information and belief, Defendants began using the infringing BLACK LOVE LANGUAGES mark on July 30, 2020, in connection with the listed goods and services on that date and in commerce on August 8, 2020.

51. On information and belief, the goods and services Defendants provide under the infringing BLACK LOVE LANGUAGES phrase include (i) publishing books, e-books, audiobooks, oral presentations, music, and illustrations; (ii) providing relationship therapy; and (iii) connecting consumers with therapists whose specialties range from marriage to relationships to faith-based Christian counseling. These goods and services are highly similar to and directly compete with the goods and services sold under Plaintiff's LOVE LANGUAGES Marks. Evidence of Defendants' use of the infringing BLACK LOVE LANGUAGES mark is attached as **Exhibit F**.

52. Defendants' infringing BLACK LOVE LANGUAGES goods and services are very similar to Plaintiff's goods and services that are sold in connection with the LOVE LANGUAGES Marks, all relating to personal skills and relationships. For example, Plaintiff's good and services and Defendants' goods and services target various kinds of relationships and how to grow and understand one another within certain relationships.

53. On information and belief, Defendants sell their goods and services under the infringing BLACK LOVE LANGUAGES phrase through the same channels of trade that Plaintiff sells its goods and services under the LOVE LANGUAGES Marks, including online and social media trade channels.

54. On information and belief, Defendants sell their goods and services under the infringing BLACK LOVE LANGUAGES to the same types of consumers to whom the goods and services are sold to under Plaintiff's LOVE LANGUAGES Marks.

20

55. Defendants' infringing BLACK LOVE LANGUAGES phrase is highly similar to Plaintiff's the LOVE LANGUAGES Marks, as the two are highly similar in sight, sound, and meaning. Both contain the dominant element "LOVE LANGUAGES." As the infringing BLACK LOVE LANGUAGES phrase and Plaintiff's LOVE LANGUAGES Marks are used in connection with competing goods and services, the marks are so similar that consumer confusion is likely.

56. Defendants are substantially encroaching on Plaintiff's business as Defendants' goods and services sold under the infringing BLACK LOVE LANGUAGES phrase directly compete with Plaintiff's goods and services sold under the LOVE LANGUAGES Marks.

57. Defendants' infringing acts are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of origin of Defendants' goods and services and have and are likely to deceive the relevant consuming public into mistakenly believing that Defendants' goods and services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff. Moreover, the subject matter of the Defendants' goods and services may promote actions by consumers that undermine Dr. Chapman's goal of building loving and lasting relationships and are inconsistent with the biblical principles that form the basis of Dr. Chapman's work and Moody's work.

58. Defendants' infringing acts have therefore likely caused and are likely to cause future immeasurable harm to the relevant consuming public. Specifically, given the devoted and significant consumer following around Plaintiff's LOVE LANGUAGES Marks, with more than twenty million books sold, nearly eighty million LOVE LANGUAGE™ quiz takers, and nearly three million LOVE NUDGE™ mobile app downloads (and prior to that, more than one million LOVE LANGUAGE™ Challenge mobile app downloads), consumers of Defendants' infringing goods and services are being misled and deceived into putting trust in infringing goods and services

21

to guide their words and actions in maintaining and growing their most valued personal and professional relationship. The potential harm to consumers is immeasurable.

59.     Defendants' use of its infringing BLACK LOVE LANGUAGES phrase is trading off the goodwill accumulated by Plaintiff's the LOVE LANGUAGES Marks, and is causing confusion and deception in the marketplace, and is diverting potential sales of Plaintiff's goods and services to Defendant.

**C.     Defendant OneLove's Registration and Defendant Muhammad's Use of the <blacklovelanguages.com> Domain Name**

60.     On information and belief, on or about April 19, 2021, Defendant OneLove registered a domain name for <blacklovelanguages.com> (the "Domain Name") with the registrar GoDaddy.com, LLC (the "Registrar"). Defendant OneLove is currently the registrant of the Domain Name. Attached hereto as **Exhibit H** is a true and correct copy of the WHOIS record for the Domain Name as of April 17, 2022, identifying "OneLove Counseling Services" as the owner of the Domain Name. OneLove's website (**Exhibit I**) states that "Dr. Tiy-E Muhammad" is the therapist providing relationship counseling and sex therapy services.

61.     Defendant OneLove's Domain Name incorporates the infringing BLACK LOVE LANGUAGES phrase and Plaintiff's LOVE LANGUAGES Marks.

62.     Defendant Muhammad uses the Domain Name.

63.     The Domain Name is identical or confusingly similar to the LOVE LANGUAGES Marks, which were distinctive when Defendant OneLove registered the Domain Name and when Defendant Muhammad began use of the Domain Name.

64.     On information and belief, Defendants were both aware of Plaintiff's rights in the LOVE LANGUAGES Marks when it selected and registered the Domain Name, and knowingly

and intentionally registered the Domain Name because of its similarity to the LOVE LANGUAGES Marks.

65.     On information and belief, Defendants have no legitimate rights in or to any trademark or name that is similar to the Domain Name and is not legitimately known by any name that is similar to the Domain Name.

66.     Without Plaintiff's authorization and, on information and belief, beginning after Plaintiff acquired protectable exclusive rights in the LOVE LANGUAGES Marks, Defendants posted a live website at the Domain Name ("Defendants' Website"). Defendants' Website remains active as of the filing of this complaint.

67.     Defendants' Website consists of, among other things, (i) articles about relationships and marriage; (ii) information about relationship counseling; (iii) a "directory" of therapists; (iv) information on how to contribute articles to the website; (v) advice for married couples including a search function for therapists located in Chicago, Illinois (see **Exhibit J**); and (vi) tips on marriage separation and divorce. Attached as **Exhibit J** are true and correct screenshots of Defendants' Website as of April 17, 2022.

68.     According to the November 5, 2021 specimen submitted by Defendant Muhammad during prosecution of the BLACK LOVE LANGUAGES application, attached as **Exhibit K**, Defendants' Website also offers book publishing services, including (i) building the skills needed to become a bestselling author of Black Love; (ii) mastering the fundamentals of cultural book writing; (iii) creating a positive author mindset; (iv) writing your first book to become an author of Love; and (v) publishing your book to become a published author of Love.

**D.**    **Plaintiff's Cease-and-Desist Efforts**

69.    Plaintiff's counsel has tried repeatedly without success to resolve this matter amicably. On May 12, 2021, Plaintiff's counsel spoke with Defendant Muhammad over the phone. During that conversation, Plaintiff's counsel objected to Defendant Muhammad's use of Plaintiff's LOVE LANGUAGES Marks. Defendant Muhammad stated that he was unwilling to withdraw his application for BLACK LOVE LANGUAGES and indicated that he was working on a book called *Black Love Languages*. Defendant Muhammad refused to cease and desist using Plaintiff's LOVE LANGUAGES Marks.

70.    On November 2 and November 5, 2021, Plaintiff's counsel spoke with Defendant Muhammad, objecting to his use of Plaintiff's LOVE LANGUAGES Marks. Defendant Muhammad again refused to cease and desist using Plaintiff's LOVE LANGUAGES Marks.

71.    Plaintiff's counsel spoke with Defendant Muhammad again on December 4, 2021, and on January 22, 2022. Defendant Muhammad again refused to cease and desist using Plaintiff's LOVE LANGUAGES Marks.

72.    On March 1, 2022, Plaintiff's counsel filed a Notice of Opposition against Defendants' U.S. Trademark Application No. 90/380,334 for BLACK LOVE LANGUAGES in the Trademark Trial and Appeal Board. Attached as **Exhibit L** is a true and correct copy of Opposition Proceeding No. 91274784. Upon filing this Complaint for Trademark Infringement, Plaintiff's will submit a Motion to Suspend for Civil Action to the Trademark Trial and Appeal Board pursuant to 37 C.F.R. § 2.117, and TBMP § 510.02(a) to suspend the Opposition proceeding before the Trademark Trial and Appeal Board until this Court resolves this Complaint for Trademark Infringement.

73. Defendants' failure to cease use of the infringing BLACK LOVE LANGUAGES mark and failure to abandon the infringing BLACK LOVE LANGUAGES application has demonstrated that Defendants are not willing to cease its use of the infringing BLACK LOVE LANGUAGES mark, and as such, would continue infringing on the Plaintiff's rights.

74. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement 15 U.S.C. § 1114(1)(a)**

75. Plaintiff repeats and realleges paragraphs 1 through 74 above.

76. Plaintiff owns all rights, title, and interest in and to the LOVE LANGUAGES Marks, including but not limited to all common law rights in the marks that have existed since Plaintiff's first use of THE FIVE LOVE LANGUAGES Mark in 1992 and THE 5 LOVE LANGUAGES Mark in 2010.

77. Defendants' unauthorized use in commerce of the infringing BLACK LOVE LANGUAGES phrase began long after Plaintiff first used the LOVE LANGUAGES Marks to identify its goods and services and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services. Defendants' use of the infringing BLACK LOVE LANGUAGES phrase is also likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

78. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff and is also trading off of the valuable goodwill that Plaintiff has developed in the LOVE LANGUAGES Marks, both of which will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

79. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff by undermining and distorting the valuable goodwill that Plaintiff has developed in the LOVE LANGUAGES Marks through its untested and inconsistent infringing use of the infringing BLACK LOVE LANGUAGES mark that will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

80. Defendants have refused to cease using the infringing BLACK LOVE LANGUAGES phrase despite Plaintiff's request that they do so. Defendants are on notice of their infringing actions that therefore constitute knowing, deliberate, and willful infringement of the LOVE LANGUAGES Marks and make this an exceptional case under 15 U.S.C. § 1117(a).

81. As a result of Defendants' knowing, deliberate, and willful infringement of the LOVE LANGUAGES Marks, Plaintiff has been irreparably harmed. Plaintiff has no adequate remedy at law.

82. Plaintiff is entitled to, among other relief, injunctive relief, and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney's fees, and costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**SECOND CLAIM FOR RELIEF**
**Federal Unfair Competition 15 U.S.C. § 1125(a)(1)(A)**

83. Plaintiff repeats and realleges paragraphs 1 through 82 above.

26

84. Plaintiff owns all right, title, and interest in and to the LOVE LANGUAGES Marks, including but not limited to all common law rights in the marks that have existed since Plaintiff's first use of THE FIVE LOVE LANGUAGES Marks in 1992 and THE 5 LOVE LANGUAGES Mark in 2010.

85. Defendants' unauthorized use in commerce of the infringing BLACK LOVE LANGUAGES phrase is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

86. Defendants' conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

87. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

88. Defendants have refused to cease using the infringing BLACK LOVE LANGUAGES phrase despite Plaintiff's request that it do so. Defendants are on notice of their infringing actions that therefore constitute knowing, deliberate, and willful infringement of the LOVE LANGUAGES Marks, and make this an exceptional case under 15 U.S.C. § 1117(a).

89. Plaintiff is entitled to, among other relief, injunctive relief, and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorney's fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
### Trademark Dilution 15 U.S.C. § 1125(c)

90.     Plaintiff repeats and realleges paragraphs 1 through 89 above.

91.     Plaintiff owns all right, title, and interest in and to the LOVE LANGUAGES Marks, including but not limited to all common law rights in the marks that have existed since Plaintiff's first use of THE FIVE LOVE LANGUAGES Mark in 1992 and THE 5 LOVE LANGUAGES Mark in 2010.

92.     This Claim is based on trademark dilution under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

93.     Plaintiff's LOVE LANGUAGES Marks are distinctive and famous marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

94.     Plaintiff's LOVE LANGUAGES Marks became distinctive and famous prior to the Defendants' acts.

95.     Defendants' acts have diluted and will, unless enjoined, continue to dilute, and are likely to dilute the distinctive quality of Plaintiff's LOVE LANGUAGES Marks.

96.     Defendants' acts have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's LOVE LANGUAGES Marks by undermining and damaging the valuable goodwill associated therewith.

97.     Defendants' acts are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

98.     Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under

Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgement interest.

### FOURTH CLAIM FOR RELIEF
**Cybersquatting 15 U.S.C. § 1125(d)**

99.     Plaintiff repeats and realleges paragraphs 1 through 98 above.

100.     Plaintiff owns all rights in and to the LOVE LANGUAGES Marks, which are strong and distinctive, and were strong and distinctive as of the date that Defendant registered the Domain Name.

101.     Defendant OneLove registered and both Defendants use the Domain Name, which is confusingly similar to Plaintiff's LOVE LANGUAGES Marks.

102.     Defendant OneLove registered and both Defendants use the Domain Name with an intent to profit from its confusing similarity to Plaintiff's LOVE LANGUAGES Marks. Among other things, on information and belief:

    a.  Defendants registered and/or used the Domain Name despite knowing that Defendants had no rights in any name or mark and was not known by any name that was referenced or reflected in the Domain Name;

    b.  Defendants made no bona fide, non-infringing, commercial use or fair non-commercial use of the Domain Name;

    c.  Defendants intended to divert consumers and donors looking for Plaintiff's services online to Defendants' Website by exploiting the confusing similarity of the Domain Name and the LOVE LANGUAGES Marks for Defendants' commercial gain;

103.     Defendants' conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiff, and to its goodwill and reputation and will continue to damage Plaintiff unless enjoined by this court. Plaintiff has no adequate remedy at law.

104.    Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, cancellation of Defendant OneLove's registration of the Domain Name.

105.    Plaintiff is further entitled to recover its damages and Defendants' profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a). Alternatively, Plaintiff is entitled to maximum statutory damages for $100,000 for the Domain Name pursuant to 15 U.S.C. § 1117(d) from each of the Defendants.

106.    Plaintiff is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF
**Illinois Uniform Deceptive Trade Practices**

107.    Plaintiff repeats and realleges paragraphs 1 through 106 above.

108.    Plaintiff owns all rights, title, and interest in and to the Plaintiff's LOVE LANGUAGES Marks, including but not limited to all common law rights in such marks due to Plaintiff's first use of the LOVE LANGUAGES Marks in the State of Illinois.

109.    This Claim is based on unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq*.).

110.    Plaintiff has used and is currently using the LOVE LANGUAGES Marks to identify its goods and services to distinguish them from the goods and services of others.

111.    Defendants' unauthorized use of a phrase confusingly similar to the LOVE LANGUAGES Marks demonstrates Defendants' willful or intentional intent to pass off their goods and services as those of the Plaintiff's in violation of 815 ILCS § 510/2(a)(1).

112.    Defendants' unauthorized use of a phrase confusingly similar to the LOVE LANGUAGES Marks for their goods and services is likely to cause confusion, mistake, or

deception as to the source, affiliation, connection, or association of Defendants' goods with Plaintiff, or as to the sponsorship, approval, or affiliation of Defendants with Plaintiff, in addition to engaging in other conduct that similarly creates a likelihood of confusion or misunderstanding in violation of 815 ILCS § 510/2 (a)(2), (a)(3), (a)(12).

113.    Defendants adopted and used marks confusingly similar to the LOVE LANGUAGES Marks with actual or constructive notice or knowledge of Plaintiff's superior exclusive rights in the LOVE LANGUAGES Marks.

114.    Defendants have refused to cease the confusingly similar and infringing use of the LOVE LANGUAGES Marks despite Plaintiff's request that they do so. Defendants' actions therefore constitute knowing, deliberate, and willful infringement of Plaintiff's the LOVE LANGUAGES Marks and make this an exceptional case under 815 ILCS § 510/3.

115.    As a result of Defendants' knowing, deliberate, and willful infringement of Plaintiff's LOVE LANGUAGES Marks, Plaintiff has been irreparably harmed. Plaintiff has no adequate remedy at law.

116.    Defendants will continue such infringement unless enjoined by this Court.

117.    Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 815 ILCS § 510/1 *et seq.*, together with prejudgment and post-judgement interest.

### SIXTH CLAIM FOR RELIEF
**Illinois Common Law Trademark Infringement**

118.    Plaintiff repeats and realleges paragraphs 1 through 117 above.

119.    Defendants' unauthorized use in commerce of the infringing BLACK LOVE LANGUAGES phrase is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary

to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

120.    Defendants' acts constitute trademark infringement in violation of Illinois common law.

121.    Defendants will continue such infringement unless enjoined by this Court.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Moody Bible Institute of Chicago respectfully requests that this Court enter a Judgment and Order in its favor and against Defendants as follows:

A.    That Defendants have violated Section 32 of the Lanham Act, Section 43(a) of the Lanham Act, Section 43(c) of the Lanham Act, and Section 43(d) of the Lanham Act.

B.    That Defendants have violated Illinois common law trademark infringement and the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 et seq.).

C.    Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    i.    engaging in any activity that infringes Plaintiff's LOVE LANGUAGES Marks;

    ii.    injuring Plaintiff's business reputation and goodwill associated with the LOVE LANGUAGES Marks and from otherwise unfairly competing, directly or indirectly, with Plaintiff;

    iii.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods are in any manner

approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

iv.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the infringing BLACK LOVE LANGUAGES phrase or any other mark that infringes or is likely to be confused with the LOVE LANGUAGES Marks, or any goods and services of Plaintiff, or Plaintiff as their source;

v.    engaging in any activity that is likely to dilute the distinctiveness of or tarnish Plaintiff's LOVE LANGUAGES Marks; and

vi.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (v).

D.    Granting such other and further relief as the Court may deem proper to prevent the public from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and services.

E.    Directing Defendants to immediately cease all display, distribution, promotion, sale, offer for sale and/or use of any and all materials that feature or bear any designation or mark comprising of or incorporating BLACK LOVE LANGUAGES or any other mark that is a

counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the LOVE LANGUAGES Marks, and to immediately remove them from public access and view.

F.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

G.      Awarding Plaintiff $100,000 in statutory damages from each Defendant in accordance with Section 43(d) of the Lanham Act (15 U.S.C. § 1117(d)).

H.      Directing that Defendants transfer to Plaintiff its <blacklovelanguages.com> domain name.

I.      Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

J.      Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

K.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorney's fees thereunder (15 U.S.C. § 1117(a)).

L.      Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

M.      Awarding such other and further relief as the Court deems just and proper.

Dated: May 5, 2022     Taft Stettinius & Hollister LLP

/s/*Derrick M. Thompson, Jr.*
Derrick M. Thompson, Jr.
Paul D. McGrady Jr.
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000
dthompson@taftlaw.com
pmcgrady@taftlaw.com

O. Joseph Balthazor, Jr.
(*pro hac vice forthcoming*)
80 South Eighth Street, Suite 2200
Minneapolis, MN 55402
(612) 977-8400
jbalthazor@taftlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

THE MOODY BIBLE INSTITUTE OF
CHICAGO,

                    Plaintiff,

               v.

TIY-E MUHAMMAD, and ONELOVE
COUNSELING SERVICES (TM), LLC,

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No.

Judge

**EXHIBIT LIST**

**COMPLAINT**

| Exhibit | Description |
|---------|-------------|
| A | Moody trademark registration and applications |
| B | Representative samples showing Plaintiff's use of The Five Love Languages mark in connection with the registered goods |
| C | Representative samples showing Plaintiff's use of The 5 Love Languages mark in connection with the registered goods |
| D | Representative samples of Plaintiff's goods and services offered and sold under the Love Languages Marks |
| E | TEAS Application Form for Trademark Application No. 90/380,334 |
| F | Defendants' uses of infringing Black Love Languages mark |
| G | Jurisdiction Allegations |
| H | WHOIS record for the Domain Name as of April 17, 2022, identifying "OneLove Counseling Services" as the owner of the Domain Name |
| I | One Love Website |
| J | Blacklovelanguages website |
| K | Blacklovelanguages specimen |
| L | TTAB Opposition Proceeding |

27858981.1